CASE 21.—PROCEEDING BY INFORMATION BY THE COMMONWEALTH AGAINST SMITH & McGUIAR TO RECOVER A PENALTY FOR SELLING SPIRITUOUS LIQUORS WITHOUT A LICENSE.—November 19.

## Commonwealth v. Smith & McGuiar

Appeal from Hart Circuit Court.

Samuel E. Jones, Circuit Judge.

From a judgment dismissing the proceeding, the Commonwealth appeals—Reversed.

1.   Intoxicating Liquors—Unlawful Sale—Owners of Premises—Liabilty.—Under Ky. Statutes, 1903, section 2572, prescribing a penalty against one in possession of premises on which liquor is sold, etc., unlawfully by any trick or method whatever, partners in actual possession of a drug store, and operating it as such, may be fined for sales of intoxicants

Commonwealth v. Smith & McGuiar.

by themselves, their servants and agents, in violation of the local option law.

2.   Same—"Owner in Possession"—Who Is.—The term "owner in possession" of premises, within a statute prescribing a penalty against such persons, where intoxicants are unlawfully sold on their premises, includes a tenant for a term of years, or of any freehold or greater estate.

N. B. HAYS, Attorney General, CHAS. H. MORRIS and D. A. McCANDLESS, Commonwealth's Attorney, for appellant.

H. W. CURLE and J. S. LAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—Reversing.

Information was filed in the Hart circuit court by the Commonwealth's Attorney for the district against G. W. Smith and W. A. McGuiar, partners, for a violation of section 2572, Ky. Stats., pronouncing a penalty against the owner in possession of premises on which liquor is sold, disposed of, obtained, or furnished in violation or evasion of law. The charge in the information is as follows: "The plaintiff, the Commonwealth of Kentucky, states and charges that the defendants, G. W. Smith and W. A. McGuiar, partners trading and doing business under the name of Smith & McGuiar, were at all the time hereinafter mentioned, and have been continuously for the past twelve months before the commencement of this action, in the actual possession, use, and occupancy of the hereinafter described premises, to-wit: A certain house situated in the town of Horse Cave, county of Hart and State of Kentucky, known as the Smith & McGuiar drug store, and that said defendant was on the —— day of December, 1905, using, occupying, and controlling said house and premises as a drug store, and on said date, and within twelve months

before the commencement of this action, spirituous liquors were sold, disposed of, obtained, and furnished in said house, in violation and evasion of the local option law of this Commonwealth, which local option law was then and now is in force in Hart county, to-wit, by bargain and sale as hereinafter set out, namely, that on or about said —— day of December, 1905, the said defendants by themselves and clerks and agents in said house sold spirituous liquor by retail without license so to do, in violation and evasion of the said local option law to Haywood Shirley, to-wit, contrary to the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky, and especially in violation of the provisions of section 2572 of the Kentucky Statutes, and by reason thereof and by virtue of the provisions of said statutes the said defendants, G. W. Smith and W. A. McGuiar, as the persons in possession of said house and premises in which the said liquors were sold at the time of said sale, are liable and bound to the plaintiff in the sum of one hundred dollars each, no part of which has ever been paid. Whereupon plaintiff prays judgment against the said defendants for the sum of one hundred dollars each, and her costs herein and for all proper relief. D. A. McCandless, Commonwealth's Attorney, Tenth Judicial District. C. B. Larimore, County Attorney of Hart County." A general demurrer was sustained to the information, and it was dismissed. The State appeals.

The section of the statutes reads: (section 2572, Ky. Stats. 1903) "The person in possession of the premises on which liquor is sold, disposed of, obtained or furnished in violation or evasion of law. by any trick or method whatever, on conviction, shall be fined

not less than twenty nor more than one hundred dollars for each offense, and each time such liquor is sold, disposed of or furnished in violation or evasion of law shall be deemed a separate offense under this act against the person in possession of the premises on which said liquor is obtained, furnished or disposed of.'' The statute is a stringent one. It follows in order other sections of the statute aimed at tricks and devices to evade the law regulating the sale of intoxicating liquors. The owner of real property at the common law was sometimes liable for its illegal use. If let for purposes of bawdry, or if used for such purposes after rental, though rented for innocent purposes, if the landlord had the power to terminate the lease and refused or failed after notice of the unlawful use, he was guilty. Bishop's New Crim. Law, 1090. It may, by statute, be a nuisance for real property to be used as a place for the illegal sale of liquors. Bishop's New Crim. Law, 1117. The owner of the premises is liable for suffering it to become a nuisance, and may be proceeded against. Black on Intoxicating Liquors, 338. Legislation upon this subject has taken a wide range; but its tendency is to fix responsibility upon the owner, or master, as well as the agent, lessee, or servant whom he puts in the position to violate the law. Construed according to the proper rules for interpreting statutes, the section here invoked is in line with a long train of statutes enacted on the same subject which have been upheld as constiutional. This statute is not against the owner who leases his premises, and whose tenants use them for unlawfully selling liquors; but it is against the owner who is in possession of the building or inclosure where the forbidden act is done. The section does not refer to constructive possession, but actual

possession; where the personal dominion and authority of the owner is actually exercised, where he has the right to control its use, and in fact does so. Bishop on Statutory Crimes, section 132, states the rule of construction thus: "A statute will not generally make an act criminal, however broad may be its language, unless the offender's intent concurs with his act, because the common law does not." And in Bishop's New Criminal Law, 345, it is laid down: "While there are permissible variations. in the form of the evil in the mind, we should still not forget that there is no crime without some sort of evil intent. Even in statutory offenses, the same as in those at common law, there must be an evil intent, though the statute is silent on the subject. It must be so construed in connection with the common law as, in favor of defendants, to enlarge it by this requirement." Knowledge must precede intent. So, in this statute, it is knowledge, with a kind of assent or permission, a winking at the illegal act of another on the owner's premises which might have been restrained by the owner in possession, that is the gravamen of the offense.

It is idle to say that a tramp perchance might surreptitiously, and unbeknown to the owner, slip into his outhouse, and there illegally sell liquors whereby the ignorant owner would become an offender under the statute. A similar argument was used once upon a time, a long while ago in ancient Bologna where a medical man bled one on a public street who had fallen in a fit, and was thought by some to be guilty under the Roman law against brawlers, which punished all who let blood in the public streets of the city. 1 Bl. Comm. 60. But the good sense of the ancients which refused to accede to that argument is

not superior to the wisdom of the rules for construing statutes now, which read into them, when silent, and when necessary to save them from such absurdity as to condemn them, the saving clause as to knowledge or intent, without which the innocent or unoffending might be punishable. The charge in this information is that the owners were in the actual possession of a drug store, and operating it as a drug store, and that they and their servants and agents sold the liquors in violation of the local option law. If they did it in person, they have violated the statute. If they did it by their servants or agents, whom they placed in a position to act for them, the owners, they are not less guilty than if they had done it themselves. As is said in Black on Intoxicating Liquors, 373: "When a master intrusts to a servant the management and control of his business of selling liquor, and he carries it on in the absence of his employer, both may be convicted of keeping and maintaining the tenement." By the same reasoning, partners are liable for the forbidden act to be done by or with the knowledge and assent of either. Id. The defendants in this proceeding will not be convicted for the unauthorized, unknown sporadic act of a trespasser upon their premises. But if they, or if their clerks in the regular course of their business, or if any one, with their knowledge and assent, has sold the liquor charged, in their house, they are guilty of a violation of the statute aimed at speakeasies and blind tigers, always conducted more or less clandestinely, but generally impossible without the knowledge and acquiescence, and indeed procurement of the "owner in possession," which latter expression includes a tenant for a term of years, or of any freehold or greater estate.

Let the judgment be reversed, and cause remanded for a trial under proceedings consistent herewith.